### McCABE v. GREEN et al.

(Supreme Court, Appellate Division, Second Department.　May 21, 1897.)

STATUTE OF FRAUDS—AGREEMENT NOT TO BE PERFORMED WITHIN A YEAR.

An agreement to pay a person's board as long as she should live is not one which is not to be performed within a year from the time it was made.

Appeal from judgment on report of referee.

Claim by Margaret McCabe against Theodore E. Green and George W. Green, as executors of the will of Benjamin F. Constable, deceased. From a judgment entered on the report of a referee, and from an order confirming such report, defendants appeal.　Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. W. Van Vranken, for appellants.

C. L. Lyon, for respondent.

BRADLEY, J.　This became an action on the entry of the order referring the matter upon an agreement of the parties in relation to a claim exhibited by the plaintiff, pursuant to the statute.　Code Civ. Proc. § 2718.　The claim as presented was against the estate of Benjamin F. Constable, deceased, for the board and support of Mary Doughny from July 13, 1886, to February, 1896,—497 weeks, at $5 per week, $2,485; reduced, by credit of cash $612, to $1,873.　It appeared that prior and up to July, 1886, Mary Doughny had been a servant in the family of the defendants' testator for more than 30 years.　Then, having become feeble, she became a boarder of the plaintiff, and remained with the plaintiff in that relation until she died, in April, 1896.　The husband of the plaintiff testified that Mary Doughny became a boarder with the plaintiff upon the agreement between her and the decedent that he would pay her for such board five dollars per week during the lifetime of Mary; that he made some payments, at the rate of three dollars per week, up to August, 1890; and that nothing was paid after that time.　The testator died in April, 1895.　The only explanation given for the payment at that rate is in the testimony of the same witness, to the effect that in 1888 the decedent said to him that he was a little short of money, and would pay the plaintiff if she could wait for a time, and that he would pay for Mary's board as long as she lived.　Another witness, who prior to and after 1886 was in the milk business, and delivered milk to both places, testified that, after Mary went to board with the plaintiff, he, on several occasions, carried to the plaintiff money sent to her by the decedent, in sums of $12 each,—at that rate a month for a long time.　This constituted the evidence.

The result given by the report of the referee was that the plaintiff was entitled to recover for board of Mary Doughny for the period from August, 1890, to February, 1896, at the rate of $5 per week, amounting to $1,415.　The fact (so treating it) that the testator paid at the rate of $3 per week up to August, 1890, and thereafter, during his life of nearly five years, paid nothing, casts some doubt upon the entire correctness of the evidence that he agreed to pay $5 per

week for the board, commencing in 1886, as long as the recipient of the board should live; and this doubt is not rendered less by the evidence tending to prove that the deceased generally paid his bills promptly. But it cannot be said that the report was without evidence for its support; and as the referee agreed upon by the parties saw the witnesses and the surroundings at the trial, heard them testify, and was satisfied that their evidence fairly justified his conclusion, we fail to see any well-founded reason for interference on this review with his determination. The bank check of date June 22, 1886, made by the deceased, payable to the order of Mary Doughny, which probably was honored by the bank, may, as between the drawer and payee, have been entitled to some consideration, if any question had arisen between them about services or obligations of one to the other; but as the defendants proposed to add nothing further tending to show what became of the check, or whether the proceeds came to the drawee, or that the plaintiff had any knowledge or information on the subject, it is not seen how the check was available for any purpose as evidence against the plaintiff. The exception to its exclusion was therefore not well taken. There is no question of the statute of frauds in the case. The agreement was not one which by its terms was not to be performed within a year from the time it was made.

The judgment and order should be affirmed. All concur.